# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-685-FDW-DSC

| | |
|---|---|
| JOANN JAMES, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| BRIAN MOYNIHAN, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, (Doc. No. 1), and on Plaintiff's application to proceed in forma pauperis, (Doc. No. 2).

Pro se Plaintiff JoAnn James filed the instant Complaint on November 28, 2017, pursuant to 42 U.S.C. § 1983, naming the following three individuals as Defendants: (1) Brian Moynihan, identified as the CEO of Bank of America; (2) federal district judge Max O. Cogburn, Jr.; and (3) Ronald Tankamnerd, identified as a "financial specialist." In the Complaint, Plaintiff alleges that she is owed more than $14,000 that she paid for her mother's mortgage on a house that she contends was left to her in her mother's will.

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

1

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Plaintiff filed an almost identical action in this Court on April 25, 2017, and this Court dismissed with prejudice Plaintiff's action on May 3, 2017, for failure to state a claim. See (James v. Moynihan, Civ. Doc. No. 3:17cv223-RJC-DSC, Doc. Nos. 1, 3 (W.D.N.C.)). This action is, therefore, barred by res judicata and will be dismissed. See Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (noting that an action will be barred by res judicata where there was a judgment on the merits in a prior suit resolving claims by the same parties or their privies, and the subsequent suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment). This action is subject to dismissal for other reasons as well. That is, in this Section 1983 action, Plaintiff has named three individuals as defendants, but he does not allege that any of them were acting under color of state law. Only persons acting under color of state law are subject to suit in Section 1983 actions. West v. Atkins, 487 U.S. 42, 48 (1988). Next, to the extent that Plaintiff has named as a defendant district court judge Max O. Cogburn, Jr., Judge Cogburn is entitled to absolute judicial immunity from suit. King v. Myers, 973 F.2d 354 (4th Cir. 1992).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in Forma Paupers, (Doc. No. 2), is **GRANTED** for the limited purpose of the Court's initial review.

2. Plaintiff's Complaint is **DISMISSED** with prejudice for the reasons stated herein.

3. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Signed: November 28, 2017

Frank D. Whitney
Chief United States District Judge